# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TUCKER,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL PARAMO,<br><br>    Respondent. | Case No. 1:15-cv-01164-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the instant petition, it appears that Petitioner is challenging his 1998 conviction in Fresno County Superior Court for failure to register as a sex offender. However, the Court notes that Petitioner also refers to his 2002 conviction for possession of a weapon by an inmate.

Petitioner previously filed a prior federal petition for writ of habeas corpus in this district with respect to his 1998 conviction. See Tucker v. Garcia, Case No. 1:03-cv-05594-AWI-TAG. In that action, the court dismissed the habeas petition on February 24, 2004, and Petitioner did not appeal that decision to the Ninth Circuit. Petitioner previously filed a federal habeas petition with respect to his 2002 conviction for possession of a weapon by an inmate. See Tucker v. Ryan, 1:04-cv-05773-LJO-TAG. On April 17, 2008, the petition was denied on the merits. The Ninth Circuit denied Petitioner's request for a certificate of appealability on February 23, 2009.

1

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997).

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. As previously stated, Petitioner previously filed a federal petition for writ of habeas corpus in this Court challenging his 1998 conviction for failure to register as a sex offender and a federal petition for writ of habeas corpus in this Court challenging his 2002 conviction for possession of a weapon by an inmate. See Tucker v. Garcia, Case No. 1:03-cv-05594-AWI-TAG; Tucker v. Ryan, 1:04-cv-05773-LJO-TAG. The petition challenging the

1998 conviction was dismissed and the petition challenging the 2002 conviction was denied. Therefore, whether the instant petition challenges the 1998 conviction or the 2002 possession of a weapon by an inmate conviction, it is successive.  As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277.

## II.

## RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 19, 2015**

UNITED STATES MAGISTRATE JUDGE