# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL PARAMO,<br><br>    Respondent. | Case No.  1:15-cv-01164-AWI-SAB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO RECUSE (ECF No. 9) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 10, 2015, Petitioner filed a motion to recuse the undersigned.  (ECF No. 9).

    A judge is required to disqualify himself if his impartiality might reasonably be questioned.  28 U.S.C. § 455(a).  The decision regarding disqualification is made by the judge whose impartiality is at issue.  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).  Opinions formed during the course of judicial proceedings "almost never constitute a valid basis for a bias or partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 555–56 (1994).  Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment."  Id. at 551.  "The test is 'whether a

reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, Petitioner requests that the undersigned disqualify himself because the undersigned's impartiality might be questioned. However, Petitioner does not provide any specific reasons why the undersigned's impartiality might be questioned. The undersigned is not concerned with his ability to remain impartial. There is no evidence of any impropriety in the record and Petitioner does not point to anything in the record even hinting at such a high degree of favoritism or antagonism that might warrant recusal. See Liteky, 510 U.S. at 555–56. Therefore, the undersigned will not recuse himself.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to recuse the undersigned is DENIED.

IT IS SO ORDERED.

Dated: **September 14, 2015**

UNITED STATES MAGISTRATE JUDGE

2