# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER, | Case No.  1:15-cv-01164-AWI-SAB (HC) |
| Petitioner, | ORDER VACATING AUGUST 20, 2015 FINDINGS AND RECOMMENDATION , DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND FIRST AMENDED PETITION, GRANTING PETITIONER LEAVE TO FILE SECOND AMENDED PETITION, AND DIRECTING CLERK OF COURT TO MAIL PETITIONER BLANK HABEAS FORMS |
| v. | |
| DANIEL PARAMO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 22, 2015, Petitioner filed a petition for writ of habeas corpus in this Court.  (ECF No. 1).  On August 20, 2015, this Court issued findings and recommendation that recommended that the petition be dismissed as successive.  (ECF No. 7).  On September 10, 2015, Petitioner filed a first amended petition.  (ECF No. 11).  On September 10, 2015, Petitioner filed a motion to recuse, which the undersigned denied on September 14, 2015.  (ECF Nos. 9, 10).

## I.

## DISCUSSION

On September 10, 2015, Petitioner filed a first amended petition for writ of habeas corpus.   (ECF No. 11).  The rule for amendment of petitions, Rule 15 of the Federal Rules of

1

1  Civil Procedure, provides that:

2         (1) A party may amend its pleading once as a matter of course
           within:
3         (A) 21 days after serving it, or
          (B) if the pleading is one to which a responsive pleading is
4             required, 21 days after service of a responsive pleading or 21
              days after service of a motion under Rule 12(b), (e), or (f),
5             whichever is earlier.
          (2) In all other cases, a party may amend its pleading only with
6             the opposing party's written consent or the court's leave.  The
              could should freely give leave when justice so requires.
7

8         In this case, Petitioner did not file the first amended petition within 21 days after serving

9  the original petition and Respondent has not served a responsive pleading or a motion under Rule

10 12(b), (e), or (f).  In addition, Petitioner has not obtained written consent of the opposing party.

11 Therefore, Petitioner may only file an amended petition with the court's leave.

12        The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a)

13 states:

14        The Supreme Court, a Justice thereof, a circuit judge, or a district
          court shall entertain an application for a writ of habeas corpus in
15        behalf of a person in custody pursuant to a judgment of a State
          court only on the ground that he is in custody in violation of the
16        Constitution or laws or treaties of the United States.

17 See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.

18 The Supreme Court has held that "the essence of habeas corpus is an attack by a person in

19 custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

20 Further, Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez, 908

21 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979).

22        Rule 2(c) of the Rules Governing Section 2254 Cases states:

23        The petition must:
          (1) specify all the grounds for relief available to the petitioner;
24        (2) state the facts supporting each ground;
          (3) state the relief requested;
25        (4) be printed, typewritten, or legibly handwritten; and
          (5) be signed under penalty of perjury by the petitioner or by a
26        person authorized to sign it for the petitioner under 28 U.S.C. §
          2242.
27        Rule 2(d) of the Rules Governing Section 2254 Cases states:

28

2

> The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.

Upon a review of Petitioner's first amended petition, it is difficult to determine which state court conviction and judgment Petitioner is challenging. It appears that Petitioner makes references in his first amended petition to three state court convictions: (1) his 1998 conviction in Fresno County Superior Court for failure to register as a sex offender; (2) his 2002 conviction for possession of a weapon by an inmate in Tulare County Superior Court; and (3) his 2002 conviction for murder in Tulare County Superior Court. Even when viewing the first amended petition and the original petition together, it is difficult to tell which state court conviction Petitioner is challenging. As Petitioner has filed a first amended petition and the Court is unable to tell which conviction Petitioner is challenging in the first amended petition and the original petition, the Court vacates the August 20, 2015 findings and recommendation.

At this time, the first amended petition is unclear as to which conviction Petitioner is challenging and what claims for relief Petitioner is pursuing. Upon further review, the Court also finds that Petitioner's original petition does not clearly state the conviction which Petitioner is challenging and the grounds for relief. Therefore, the Court must dismiss the original petition and the first amended petition. However, Petitioner can correct the deficiencies by clarifying his claims for the Court in the form of a second amended petition. Petitioner should clearly state which state court conviction he is challenging in his second amended petition. Petitioner is advised that he must reference the instant case number and designate his petition as a "Second Amended Petition." Petitioner is forewarned that failure to comply with this order will result in dismissal of the action.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The August 20, 2015 Findings and Recommendation (ECF No. 7) is vacated;

2. The petition for writ of habeas corpus (ECF No. 1) and first amended petition for writ

1   of habeas corpus (ECF No. 11) are DISMISSED with leave to amend;

2      3.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file a

3         second amended petition; and

4      4.  The Clerk of Court is DIRECTED to send Petitioner blank forms for a petition for

5         writ of habeas corpus pursuant to 28 U.S.C. § 2254.

6

7   IT IS SO ORDERED.

8   Dated:   **September 24, 2015**

    _____
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28