# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TUCKER, | Case No. 1:15-cv-01164-AWI-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| DANIEL PARAMO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on July 22, 2015. On August 20, 2015, the Court issued a findings and recommendation recommending that the petition be dismissed as successive. (ECF No. 7). On September 10, 2015, Petitioner filed a first amended petition. (ECF No. 11). On September 24, 2015, the Court vacated the August 20, 2015 findings and recommendation, dismissed the petition and first amended petition with leave to amend, and granted Petitioner leave to file a second amended petition within thirty days from the date of service of that order.[1] (ECF No. 12). The thirty day deadline has passed and Petitioner has

---

[1] The Court notes that Petitioner's original petition and first amended petitions did not clearly state what conviction Petitioner was challenging and what claims for relief he was pursuing, so the Court dismissed gave Petitioner the opportunity to file a second amended petition.

1

1 failed to respond to the Court's order.

## II.

## DISCUSSION

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1423-1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260 61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423 24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, because this case has been pending since July 22, 2015. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the

occurrence of unreasonable delay in prosecuting an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal.  Finally, as the Court's order had informed Petitioner that failure to comply with the order would result in dismissal of the petition, the Court finds that there are no feasible less drastic alternatives.  Therefore, dismissal is appropriate and the case should be closed.

### III.
### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED and the Clerk of Court be DIRECTED to close the case.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 17, 2015**

UNITED STATES MAGISTRATE JUDGE