# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TUCKER,<br><br>          Petitioner,<br><br>     v.<br><br>DANIEL PARAMO,<br><br>          Respondent. | Case No. 1:15-cv-01164-AWI-SAB-HC<br><br>ORDER VACATING NOVEMBER 17, 2015 FINDINGS AND RECOMMENDATION<br><br>FINDINGS AND RECOMMENDATION REGARDING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner filed the instant petition for writ of habeas corpus on July 22, 2015. On August 20, 2015, the Court issued a findings and recommendation recommending that the petition be dismissed as successive. (ECF No. 7). On September 10, 2015, Petitioner filed a first amended petition. (ECF No. 11). On September 24, 2015, the Court vacated the August 20, 2015 findings and recommendation, dismissed the petition and first amended petition with leave to amend, and granted Petitioner leave to file a second amended petition within thirty days from the date of service of that order. (ECF No. 12). This was based on the difficulty of determining which state court conviction and judgment Petitioner is challenging in this action. Petitioner failed to respond

to the Court's order within the thirty-day deadline. Thus, on November 17, 2014, the Court issued a findings and recommendation recommending that this action be dismissed for failure to comply with the Court's order. (ECF No. 14).

On December 4, 2015, Petitioner filed objections to the November 17, 2015 findings and recommendations. (ECF No. 15). Attached to Petitioner's objections is a second amended petition, which appears to be a copy of the petition submitted on November 2, 2015, by Petitioner in his other habeas action pending in this district, Tucker v. Paramo, Case No. 1:15-cv-1664-DAD-JLT.[1]

## II.

## DISCUSSION

For purposes of judicial efficiency, the Court will review Petitioner's untimely second amended petition, which states that Petitioner is challenging his 1998 conviction in Fresno County Superior Court for failure to register as a sex offender. Petitioner previously filed prior federal petitions for writ of habeas corpus in this district with respect to his 1998 conviction. See Tucker v. Garcia, Case No. 1:03-cv-05594-AWI-TAG (dismissed the petition because Petitioner was no longer "in custody" under the 1998 conviction); Tucker v. Yates, Case No. 1:12-cv-00643-LJO-JLT (dismissed as unauthorized successive petition).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the

---

[1] The Court notes that the Magistrate Judge in Case No. 1:15-cv-1664-DAD-JLT issued findings and recommendations recommending that the petition be dismissed as an unauthorized successive petition on November 5, 2015.

1  applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the
2  district court that decides whether a second or successive petition meets these requirements.

3  Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by
4  this section is filed in the district court, the applicant shall move in the appropriate court of
5  appeals for an order authorizing the district court to consider the application." In other words,
6  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
7  petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must
8  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave
9  to file the petition because a district court lacks subject-matter jurisdiction over a second or
10 successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

11 Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to
12 file his successive petition. As previously stated, Petitioner previously filed federal petitions for
13 writ of habeas corpus in this Court challenging his 1998 conviction for failure to register as a sex
14 offender. See Tucker v. Garcia, Case No. 1:03-cv-05594-AWI-TAG; Tucker v. Yates, Case No.
15 1:12-cv-00643-LJO-JLT. The petitions challenging the 1998 conviction were dismissed. As
16 Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this
17 Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. §
18 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

19                                    **II.**
20                          **ORDER AND RECOMMENDATION**

21 Accordingly, IT IS HEREBY ORDERED that the November 17, 2015 Findings and
22 Recommendation is VACATED.

23 IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be
24 DISMISSED as successive.

25 This Findings and Recommendation is submitted to the assigned United States District
26 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
27 Rules of Practice for the United States District Court, Eastern District of California. Within
28 fourteen (14) days after service of the Findings and Recommendation, Petitioner may file written

objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 29, 2015**

UNITED STATES MAGISTRATE JUDGE